UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BERNARD WOULLDAR,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CONTRERAS, et al.,<br><br>　　　　Defendants. | Case No. CV 17-08298-R (JDE)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**
**INTRODUCTION**

On November 14, 2017, Plaintiff Bernard Woulldar ("Plaintiff"), who is currently incarcerated at the Twin Towers Correctional Facility ("the Jail") in Los Angeles, California, filed a pro se Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"). Dkt. 1. The Complaint names Deputy Contreras, Sergeant Villareal, and Sergeant Brown, all apparently employees of the Jail, in their official and unofficial capacities. Complaint at 4. All of the Defendants are sued in their individual and official capacities. Id. Plaintiff seeks "compensation for all reasons listed under law." Id. at 6.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the Complaint before ordering service for purposes of determining

whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth below, the Complaint is dismissed with leave to amend.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The following represents the totality of the factual allegations Plaintiff offers to support his claims (Complaint at 5):

> [Plaintiff] was racially profiled on different occasions and subjective to unlawful detainment in segregation [without] just cause. [Plaintiff] was subjected to cruel and unusual punishment and deliberate indifference, pain and suffering, and mental anguish and denied proper and adequate law library access and phone calls[,] as well as visitation.

## III.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quotation omitted).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure constitutes an independent basis for dismissal of a complaint even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that

"there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## IV.

## DISCUSSION

Plaintiff alleges violations of his: First Amendment right against retaliation and right to file grievances; Fourteenth Amendment right to due process and equal protection against racial discrimination; Eighth Amendment right against cruel and unusual punishment, including deliberate indifference and inadequate access to medical care;[1] and right to access the courts, stemming from a denial of access to the law library. See Complaint at 5.

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). As noted, Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. 544, 555 (2007). Rule 8(e)(1) directs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

A complaint that fails to comply with Rule 8 may properly be dismissed notwithstanding the existence of a viable cause of action. Hearns v. San

---

[1] Claims for failure to protect and excessive force by pretrial detainees are governed by an objective standard under Fourteenth Amendment Due Process Clause, not the Eighth Amendment Cruel and Unusual Punishment Clause. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc) (citing Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015)), cert. denied, 137 S. Ct. 831 (2017).

4

Bernardino Police Department, 530 F.3d 1124, 1129-30 (9th Cir. 2008). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry v. Penne, 84 F.3d 1172, 1179-80 (9th Cir. 1996)

Here, the entirety of the factual allegations in the Complaint consist of a single paragraph with conclusory statements that lack any factual support to enable the Court to determine that Plaintiff may be entitled to relief. For example, Plaintiff alleges he was "racially profiled on different occasions and subjected to unlawful detainment in segregation [without] justice" but has alleged no facts in support of this contention, such as who profiled him, when it occurred, and what adverse consequences were suffered. Each theory referenced in the Complaint is similarly deficient. Nor does the Complaint allege what damages, if any, Plaintiff suffered as a result of the alleged constitutional violations, apart from "mental anguish."

Additionally, although the Complaint names three defendants, it does not allege a single act by any particular defendant, much less an act rising to the level of a constitutional violation. "[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights." Baker v. McCollan, 443 U.S. 137, 142 (1979). "[T]he plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

As described, Rule 8(a) requires the pleader to provide not only a factual and legal basis for each claim, but to survive a 12(b)(6) motion, the complaint must also provide the grounds for relief "that raise a right to relief above the speculative level." See Bell Atlantic Corp., 550 U.S. at 555. The allegations

must also be sufficient to permit defendants to respond to the allegations against them. The Complaint fails on both counts and is subject to dismissal.

## V.
## CONCLUSION

Based upon the deficiencies identified above, the Complaint is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend.

Accordingly, if Plaintiff still desires to pursue his claims, he shall file a First Amended Complaint <u>within thirty-five (35) days of the date of this Order</u> remedying the deficiencies discussed above. Plaintiff's Amended Complaint should: bear the docket number assigned in this case; be labeled "First Amended Complaint"; be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document; identify each separate claim separately and include specific factual allegations as to each defendant for each claim brought, including descriptions of what each defendant did or failed to do that Plaintiff alleges supports liability for each claim; and specify the damage or injury suffered by Plaintiff as a result.

The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint in compliance with the Order, the Court will recommend that this action be dismissed for failure to diligently prosecute.**

Dated: November 20, 2017

/s/ John D. Early

JOHN D. EARLY
United States Magistrate Judge