UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BERNARD WOULLDAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONTRERAS, et al.,<br><br>　　　　Defendants. | Case No. CV 17-08298-R-JDE<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## INTRODUCTION

On November 14, 2017, Plaintiff Bernard Woulldar ("Plaintiff"), who is currently incarcerated at the Twin Towers Correctional Facility ("the Jail") in Los Angeles, California, filed a pro se Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"). Dkt. 1. The Complaint named Deputy Contreras, Sergeant Villareal, and Sergeant Brown, all apparently employees of the Jail, in their official and unofficial capacities. Complaint at 4.

After screening the Complaint in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, by Order dated November 20, 2017, the found the Complaint failed to state a claim and ordered the Complaint dismissed with leave to amend. Dkt. 4.

On December 7, 2017, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 5. Following a screening in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915, as set forth further below, the Court finds the FAC fails to state a cause of action and is subject to dismissal.

## II.
## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The following represents the totality of the "supporting facts" set forth in the body of the FAC:

> CONTRERAS, SGT. SMITH, VILLIREAL, BROWN AND OTHRS TO BE NAMED LATER FIRST AM[]ENDMENT VIOLATIONS, RACIALLY PROFILED UNLAWFUL DETAINMENT IN SEGREATION W/O JUST CAUSE AND SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERINCE, PAIN AND SUFFERING, MENTAL ANGUISH AND DENIED ADEQUATE LAW LIBRARY ACCESS AND PHONE CALLS AS WELL AS VISITATION!

FAC at 7 (CM/ECF pagination). Plaintiff sets forth his claim as follows:

> FIRST AM[]ENDMENT RIGHTS RACIALLY PROFILED UNLAWFUL DETAINMENT IN SEGREGATION W/O JUST CAUSE SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENC[E] PAIN AND SUFFERING AND MENTAL ANGUISH AND DENIED PROER ADEQUATE ACCESS TO LAW LIBRARY AND PHONE CALLS AS WELL AS VISITATION.

Id. In the Request for Relief, Plaintiff seeks:

> MONETARY COMPENSATION FOR ALL RIGHTS VIOLATED STARTING WITH FIRST AM[]ENDMENT

RIGHTS PAIN AND SUFFERING, MENTAL ANGUISH
AND DELIBERATE INDIFFERENCE ETC.,

Id. at 18.

The Caption of the FAC identifies the defendants only as "CONTRERAS ETC." Id. at 1. In the body of the FAC, Plaintiff identifies the defendants as Deputy Contreras, Sgt. Smith, Deputy Villireal, and Deputy Brown (collectively, "Defendants"), each sued in both individual and official capacities, except for Sgt. Smith, who is not named in any specific capacity. FAC at 5-6.

Interspersed within the pages of the FAC are copies of inmate grievance forms (FAC at 2-3, 8-15) and an inmate request form (FAC at 16-17). The handwritten portions of these forms are largely illegible and the body of the FAC (pages 1, 4-7, 18) does not specify why these forms are interspersed, or allege how they relate to the purported claims.

## III.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quotation omitted).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") constitutes an independent basis for dismissal of a complaint even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). While Rule 8 does not require detailed factual allegations, a complaint must allege enough facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Twombly, 550 U.S. at 555 & n.3 (citation and quotation marks omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing Twombly at 555). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179-80.

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to

4

amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment"). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment).

## IV.

## DISCUSSION

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). As noted, Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. 544, 555 (2007). A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

As with the original Complaint, the entirety of the "supporting facts" section of the FAC consists of a single paragraph with conclusory statements that lack any factual support to enable the Court to determine that Plaintiff may be entitled to relief. For example, Plaintiff alleges First Amendment

violations, racial profiling, unlawful detention in segregation, cruel and unusual punishment and deliberate indifference, but does not allege any specific facts in support of these conclusory allegations, such what happened, when it happened, or who specifically did what.

Additionally, although the FAC names four defendants (one more than the prior Complaint), other than simply listing their names as a group, the FAC does not allege a single act by any particular defendant, much less an act rising to the level of a constitutional violation. "[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights." Baker v. McCollan, 443 U.S. 137, 142 (1979). "[T]he plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

As described, Rule 8(a) requires the pleader to provide not only a factual and legal basis for each claim, but to state a claim, the complaint must also provide the grounds for relief "that raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555. The allegations must also be sufficient to permit defendants to respond to the allegations against them. The FAC fails on both counts and is subject to dismissal.

To the extent Plaintiff seeks to rely upon the largely illegible contents of unreferenced documents interspersed throughout the FAC, the Court is unable to read most of the handwritten contents of those documents; to the extent such contents are legible, the Court finds the contents equally conclusory and lacking in specific allegations as the body of the FAC. Further, in its November 20, 2017 Order dismissing the original Complaint with leave to amend, the Court directed Plaintiff that any amended complaint should:

> be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document;

identify each separate claim separately and include specific factual allegations as to each defendant for each claim brought, including descriptions of what each defendant did or failed to do that Plaintiff alleges supports liability for each claim; and specify the damage or injury suffered by Plaintiff as a result.

The FAC does not comply with the Court's direction and does not comply with Rule 8.

Further, to the extent Plaintiff purports to name defendants Contreras, Villireal, and Brown in their respective official capacities, for Section 1983 actions, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. a local government entity may only be sued under § 1983 for constitutional torts committed by its agents or employees according to an official policy, practice, or custom. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-91 (1978). Thus, a municipality may not be held liable for the alleged actions of its employees or agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Id. at 690-91. Here, Plaintiff has not identified any policy or custom of any municipality that allegedly caused any constitutional violation. As a result, the official capacity allegations fail to state a claim.

The FAC fails to comply with Rule 8 and the prior order of this Court; in addition, substantively, the official capacity allegations fail to state a claim. The FAC is subject to dismissal.

# V.
# CONCLUSION

Based upon the deficiencies identified above, the FAC is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend.

Accordingly, if Plaintiff still desires to pursue his claims, he shall file a Second Amended Complaint **within thirty (30) days of the date of this Order** remedying the deficiencies discussed above.

Plaintiff's Amended Complaint should: bear the docket number assigned in this case; be labeled "First Amended Complaint"; **be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document; identify each separate claim separately and include specific factual allegations as to each defendant for each claim brought, including descriptions of what each defendant did or failed to do that Plaintiff alleges supports liability for each claim; and specify the damage or injury suffered by Plaintiff as a result.** The First Amended Complaint must list the names of each defendant in the caption, on the first page. See Fed. R. Civ. Proc. 10(a); Local Rule 11-3.8(d). The First Amended Complaint will supersede the original complaint. The First Amended Complaint may not alter the nature of this suit by alleging new, unrelated claims. <u>The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form</u>, which Plaintiff is encouraged to utilize.

Should Plaintiff decide not to further pursue this action at this time, Plaintiff may file a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk is directed to provide Plaintiff with a copy of a blank for Notice of Dismissal.</u>

Plaintiff is advised that a voluntary dismissal does not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of a civil complaint filed by a prisoner on the grounds that it "fails to state a claim upon which relief may be granted" would constitute a "strike." See 28 U.S.C. § 1915(g).

**Plaintiff is admonished that if he fails to timely file a Second Amended Complaint in compliance with the Order, the Court will recommend that this action be dismissed for failure to diligently prosecute.**

Dated: December 11, 2017

_____
JOHN D. EARLY
United States Magistrate Judge